

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

Signed March 9, 2010

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| KINGSTON BOB'S, INC. | § § | CASE NO. 09-37858-HDH-11 |
| Debtor. | § § | |

**AGREED ORDER REGARDING TEMPORARY DISPOSITION OF VEHICLE AND MARGARITA CATERING TRAILER, MODIFICATION OF THE <u>AUTOMATIC STAY, AND ADEQUATE PROTECTION</u>**

On this day the Court considered the *Motion to Enter Agreed Order Regarding Temporary Disposition of Vehicle and Margarita Catering Trailer, Modification of the Automatic Stay, and Adequate Protection* (the "Motion") filed herein by Kingston Bob's, Inc. (the "Debtor").

In light of the agreement of the (*i*) Debtor; (*ii*) Tom Standeford, Jackye Mallory individually and d/b/a T and J Beverage (collectively "T and J"), and (*iii*) DRP Towing, Texas license number 0545212VSF ("DRP") as reflected by the signature of their respective counsel appearing below, the Court is of the opinion that the following Agreed Order should be entered.

IT IS THEREFORE ORDERED:

1. DRP shall cease effective as of January 25, 2010 (the "Effective Date") the accrual of storage fees and expenses and any and all other charges with respect to the Debtor, the estate, T and

J, that certain 2006 Dodge Ram Truck VIN# 3D7LL39C56G 148996 (the "Truck"), and that certain 2006 Home–Multi Trailer, Trailer VIN #5HAWG32226N058479 (the "Trailer").

2. DRP asserts a secured claim against the Trailer and Truck in the amount of $18,682.12, and (daily storage fees for the truck and trailer accruing at the rate of $55 per day, plus tax), (the "Storage Claim") arising from storage fees claimed by DRP through the Effective Date. This Order constitutes the informal proof of claim of DRP.

3. As adequate protection for the Storage Claim, DRP is hereby granted a post-petition replacement lien in, to, and against the Truck and Trailer to the same extent that DRP may assert a statutory, possessory storage lien against the Truck and Trailer prior to the Effective Date.

4. T and J asserts a secured claim against the Trailer and Truck in excess of $76,359.28 (the "T and J Claim") arising from labor, materials and repair services claimed by T and J. This Order constitutes the informal proof of claim of T and J.

5. As adequate protection for the T and J Claim, T and J is hereby granted a post-petition replacement lien in, to, and against the Truck and Trailer to the same extent that T and J may assert a statutory, possessory lien against the Truck and Trailer prior to the Effective Date.

6. As further adequate protection for the DRP and T and J Claims, the bond and/or insurance maintained by DRP required by state law for the protection of the property stored at DRP shall continue to protect the Truck and the Trailer so long as the Truck and Trailer remain stored at DRP. The Debtor shall obtain and/or maintain as the case may be in full force and effect insurance coverage on the Truck and Trailer with a reputable insurance company in the amount of the full insurable value of the Truck and Trailerin the event that the Debtor removes the Truck and/or Trailer from the premises of DRP, and in the event of such removal the Debtor shall provide DRP and T and J with evidence of such insurance policies upon request.

7. In the event that, within 120 days after the Effective Date (the "Stay Deadline"), the Debtor has not confirmed a plan of reorganization that addresses the Storage Claim and the T and J Claim or has not otherwise satisfied the Storage Claim and T and J Claim, then the automatic stay of 11 U.S.C. § 362 shall lift and terminate with respect to DRP and T and J and their interests in the Truck and the Trailer without further order of the Court; *provided*, however that:

   a) in the event that the automatic stay of 11 U.S.C. § 362 terminates in accordance with this Order, DRP and/or T and J shall file a notice of such termination with the Court and serve such notice upon the parties who received notice of this Order;

   b) the Debtor, DRP and T and J may enter into and file with the Court a stipulation to extend the Stay Deadline before or after the Stay Deadline;

   c) the Debtor, T and J, or any other secured creditor may request a hearing before the Stay Deadline in order to assert any cause as to why the automatic stay of 11 U.S.C. § 362 should be continued as to the Truck and Trailer, the Storage Claim, and/or the T and J Claim; and

   d) neither the Debtor, T and J, nor any creditor or party in interest by this Order waive any right, claim, fact, issue, remedy, claim, or defense with respect to the Storage Claim, the T and J Claim, or any liens asserted by DRP and/or T and J in, to, or against the Truck and/or the Trailer;

   e) this Order is not determinative of the nature, extent, validity, or priority of the liens asserted by DRP against the Truck and the Trailer; and

   f) notwithstanding any other provision of this Paragraph 6 or any other provision in this order, neither the Debtor nor T and J contest the attachment or priority of the possessory lien asserted by DRP against the Truck and Trailer.

8. The Debtor, T and J, and DRP shall take whatever steps are necessary to dissolve the Writ of Sequestration that was entered prepetition in Cause No. 09-C-3151, *Kingston Bob's, Inc., Plaintiff vs. Tom Standeford and Jackye Mallory individually and d/b/a T and J Beverage, Defendants*, pending in the County Court at Law No. 1 in and for Ellis County, Texas (the "Litigation"), including the dissolution of any orders or process incident to Writ of Sequestration. The automatic stay of 11 U.S.C. § 362 is hereby modified to the extent necessary solely for the purpose of the dissolution of the Writ of Sequestration. Nothing contained herein constitutes the waiver of any right, claim, fact, issue, remedy, claim, lien, or defense with respect to the Litigation, except that the positions of the Debtor and T and J with respect to the attachment and priority of the possessory lien asserted by DRP are determined by this Order as set forth in Paragraph 6(f) above. No action in the Litigation other than the dissolution of the Writ of Sequestration is contemplated by this Order. However, even if the Debtor, DRP, and T and J agree to dissolution of the Writ of Sequestration, such dissolution does not constitute a voluntary return of the Truck and Trailer to the Debtor by T and J nor a release by DRP of its possessory lien.

9. The Truck and Trailer shall remain stored at the facilities of DRP (i.e., the current location of the Truck and the Trailer) for the duration of this Order without the Debtor, the estate, T and J, or any other party that could claim an interest in the Truck and/or the Trailer accruing any further storage fees or any related expenses. DRP shall permit the Debtor and/or T and J reasonable access to the Truck and the Trailer for purposes of administering the estate including but not limited to showing the Truck and Trailer to prospective purchasers. The Debtor may petition the Court at any time for relief from this Order if the Debtor believes it is necessary to move the Truck and Trailer or take any other action with respect to the location, use, or possession of the Truck and Trailer.

### END OF ORDER ###

*{continued on following page}*

**AGREED:**

**MOSSER LAW PLLC**
/s/ James C. Mosser*
James C. Mosser
Attorney-in-Charge
Texas Bar No. 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248
Tel. 972-733-3223
Fax. 972-267-5072

**LAWYERS FOR DRP LOGISTICS, INC. DBA DRP TOWING**

**STRASBURGER & PRICE, LLP**
/s/ Robert P. Franke*
Robert P. Franke
State Bar No. 07371200
Melissa L. Gardner
State Bar No. 24044526
901 Main Street, Suite 4300
Dallas, TX 75202-3794
(214) 651-4300 Telephone
(214) 651-4330 Fax

**ATTORNEYS FOR TOM STANDEFORD, JACKYE MALLORY, INDIVIDUALLY AND D/B/A T and J BEVERAGE**

**REED & ELMQUIST, P.C.**
604 Water Street
Waxahachie, TX 75165
Tel: (972) 938-7334
Fax: (972) 923-0430


By: /s/Jeff Carruth
    Jeff Carruth (SBT #24001846)

**ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

* *Signature by permission, by /s/ Jeff Carruth*